EXHIBIT A

SAMVEL GESHGIAN, ESQ. (SBN 300470)
sg@sggblaw.com
GOURGEN BABAYAN, ESQ. (SBN 314499)
gb@sggblaw.com
**SGGB LAW FIRM, LLP**
16530 Ventura Blvd, Suite 409
Encino, California 91436
Telephone: (818) 855-1018
Facsimile: (818) 474-0047

Attorneys for Plaintiff,
ROSALVA QUIRARTE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALVA QUIRARTE, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>CIOX HEALTH, LLC, doing business as DATAVANT GROUP, a Delaware Corporation; MATRIX ABSENCE MANAGEMENT, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 2:24-cv-02896-CKD<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1.  **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2.  **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3.  **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4.  **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>5.  **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>7.  **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**<br><br>8.  **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);** |

9. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203); AND**

10. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.)**

**DEMAND OVER $35,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, ROSALVA QUIRARTE,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION AND VENUE

1.     This Court is the proper court, and this action is properly filed in Stanislaus County, because Defendants' obligations and liability arise therein, because Defendants transact business within Stanislaus County, and because the work that is the subject of this action was performed by Plaintiff in Stanislaus County at the Emmanuel Medical Center located at 825 Delbon Ave., Turloc, CA 95382.

## THE PARTIES

2.     Plaintiff, ROSALVA QUIRARTE, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant CIOX HEALTH, LLC, doing business as DATAVANT GROUP (hereinafter referred to as "DATAVANT") was and is a Delaware corporation doing business in California and specifically at 825 Delbon Ave., Turloc, CA 95382.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant MATRIX ABSENCE MANAGEMENT, INC. (hereinafter referred to as "MATRIX") was and is a Delaware corporation doing business in California and specifically at 825 Delbon Ave., Turloc, CA 95382.  During all relevant periods of Plaintiff's employment, MATRIX acted as an agent of DATAVANT with regards to all accommodation and interactive process communications relating to Plaintiff's disability and medical condition. A business entity acting as an agent of an employer can be

1  held directly liable for employment discrimination under FEHA. *Raines v. U.S. Healthworks Medical*
2  *Group* (2023) 15 Cal.5th 268.

3      5.     DATAVANT and MATRIX are hereinafter collectively referred to as "Employers",
4  "EMPLOYER DEFENDANTS" or "Defendants".

5      6.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant
6  hereto, Defendant was in the business of manufacturing fiber optics for communications companies.

7      7.     At all times relevant herein, EMPLOYER DEFENDANTS and DOES 1-20 were
8  Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code
9  §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly
10 employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

11     8.     The true names and capacities, whether individual, corporate, associate, or otherwise, of
12 the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore
13 said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to
14 insert the true names and capacities of said Defendants when the same become known to Plaintiff.
15 Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named
16 Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as
17 alleged hereinafter.

18     9.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant
19 hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,
20 coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the
21 other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part
22 within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,
23 successor status and/or joint venture and with the permission and consent of each of the other Defendants.

24     10.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each
25 of them, including those defendants named as DOES 1-20 and the EMPLOYER DEFENDANTS, acted
26 in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited,
27 compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so,
28 including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based

thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the EMPLOYER DEFENDANTS, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

12.     Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

13.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between EMPLOYER DEFENDANTS and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, EMPLOYER DEFENDANTS and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     EMPLOYER DEFENDANTS are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     EMPLOYER DEFENDANTS and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.      EMPLOYER DEFENDANTS and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      EMPLOYER DEFENDANTS do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business affairs of EMPLOYER DEFENDANTS and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15.      Accordingly, EMPLOYER DEFENDANTS constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16.      As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that EMPLOYER DEFENDANTS and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17.      Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, EMPLOYER DEFENDANTS, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or

DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, EMPLOYER DEFENDANTS and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

## **FACTUAL ALLEGATIONS**

18.     On or about April 2017, DATAVANT hired Plaintiff to work as a medical records clerk. Sometime later, Plaintiff was promoted to the role of an area supervisor. From 2022 to the end of her employment on or about August 9, 2024, Plaintiff worked as a medical records clerk. Within this role, Plaintiff was responsible for traveling to different hospitals, overseeing the work of DATAVANTS' staff and their handling of subpoenas, audits, training the representatives and also copying records. Plaintiff performed her job duties satisfactorily until she was wrongfully terminated on or about August 9, 2024. At the time of her termination, Plaintiff was 47 years old.

19.     Between September 5, 2020, and May 27, 2023, Plaintiff's hourly wage rate was $35.00/hr. During this time period, Plaintiff's fixed schedule was five days per week, Monday through Friday, from 8:00 a.m. to 6:30 p.m., for approximately 10 hours per day.

20.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

21.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff worked. One or more of Plaintiff's 30-minute meal periods were interrupted approximately three (3) times per week.

22.     On or about October 2022, Plaintiff was diagnosed with breast cancer. After the diagnosis, from in or about February 2023 to January 2024, Plaintiff underwent extensive radiation and chemotherapy treatments. Plaintiff's diagnosis of breast cancer along with the invasive radiation and chemotherapy treatments made the major life activity of working more difficult and therefore constituted a disability. Plaintiff provided notice of her disability and medical condition to Employer Defendants.

23.     From January 2024 to August 9, 2024, Plaintiff continued receiving injection chemotherapy treatment. At all relevant times, Plaintiff kept Employer Defendants including her

supervisor, Karen Shimmels, informed regarding her medical status and the corresponding need for time off to seek treatment.

24.    On or about May 27, 2023, Plaintiff was placed on disability leave by her medical providers. Plaintiff provided notice of the disability leave to Employer Defendants. From there, Plaintiff's medical leave was extended by her medical providers until on or about January 31, 2025.

25.    Employer Defendants temporarily accommodated the leave extensions until on or about August 2024.

26.    In or about July 2024, Plaintiff gave notice of her latest medical leave extension from August 1, 2024, to on or about January 31, 2025. After receiving notice of this extension, Employer Defendants advised Plaintiff that the medical leave extension was denied.

27.    On or about August 7, 2024, Employer Defendants informed Plaintiff that if she did not return to work by August 9, 2024, her employment would be terminated.

28.    After receiving the disheartening communication from Employer Defendants, Plaintiff pleaded with them to keep her employed advising that her leave extension is finite in length and that she fully intends to return to work by her release date on or about January 31, 2025.

29.    Employer Defendants could not care less. On or about August 9, 2024, Employer Defendants terminated Plaintiff's employment.

30.    At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

31.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

32.    Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.  Defendants' discriminatory animus is evidenced by the previously mentioned facts.

33.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to EMPLOYER DEFENDANTS and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

34.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

35.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

36.    Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

37.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

38.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

39.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

40.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

41.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination and harassment on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

42.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

43.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

44.     Plaintiff suffered the adverse employment actions of discrimination, suspension, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, failure to hire/re-hire, and termination, and was harmed thereby.

45.     Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

46.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

47.     The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

48.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

49.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

50.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

51.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

52.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

53.    Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's disability, medical condition, real or perceived, and use of medical leave.

54.    Plaintiff suffered the adverse employment actions of discrimination, suspension, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

55.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

56.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

57.   Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

58.   The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

59.   The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

60.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

61.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

**AGAINST ALL DEFENDANTS**

62.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

63.   At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

FIRST AMENDED COMPLAINT FOR DAMAGES

64.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

65.     The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

66.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

67.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

68.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

69.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

70.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

71.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that

position with reasonable accommodations.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

72.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

73.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

74.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

75.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
### AGAINST ALL DEFENDANTS

76.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

77.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

78.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

79.     Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

80.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

81.     The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

82.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

83.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SIXTH CAUSE OF ACTION**

**FOR WRONGFUL TERMINATION**

**IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**AGAINST ALL DEFENDANTS**

84.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 29, inclusive, as though set forth in full herein.

85.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

86.    At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

87.    Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

88.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

89.    The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated

these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

90.    The damage allegations of Paragraphs 30 through 33, inclusive, are herein incorporated by reference.

91.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## SEVENTH CAUSE OF ACTION
## FOR FAILURE TO PAY WAGES DUE
## LABOR CODE §§201, 1182.12, 1194, 1194.2
## AGAINST DATAVANT AND DOES 1-20, INCLUSIVE

92.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

93.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11070, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

94.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

95.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

96.    Labor Code §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, any statute or provision regulating hours and days of work in any order of the Industrial Welfare Commission pay a civil penalty in the amount of $50 for each underpaid

employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

**EIGHTH CAUSE OF ACTION**
**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**
**LABOR CODE §§226.7, 512**
**AGAINST DATAVANT AND DOES 1-20, INCLUSIVE**

97.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

98.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

99.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

100.     In the four years last past, Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to take uninterrupted 30-minute meal periods and two 10-minute rest periods on each day of work.

101.     Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001, as follows:

       a.     From approximately September 5, 2020, to May 27, 2023, Plaintiff's statutory 30-minute meal periods were missed, interrupted or cut short approximately 3 times per week for 142 weeks, or on approximately 426 days. During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 710 days (5 days per week for 142 weeks).

102.    As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.    From approximately September 5, 2020, to May 27, 2023, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 426 separate days. Consequently, Plaintiff is owed one hour of pay at $35 for each day, or $14,910.00, plus interest thereon, for unpaid missed or interrupted meal periods.

b.    During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 710 separate days. Consequently, Plaintiff is owed one hour of pay at $35 for each day, or $24,850.00, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $39,760.00, plus interest thereon, for unpaid meal and rest periods for this time period.

103.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

104.    Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $39,760.00 pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

### NINTH CAUSE OF ACTION
### FOR WAITING TIME PENALTIES
### LABOR CODE §§201-203
### AGAINST DATAVANT AND DOES 1-20, INCLUSIVE

105.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

106.    At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required.

These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

107.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

108.    As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $8,250.00 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $275.00 inclusive of overtime.

109.    Based on Defendants' conduct as alleged herein, Defendants are liable for $8,250.00 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

## TENTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.
## AGAINST DATAVANT AND DOES 1-20, INCLUSIVE

110.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

111.    Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare Commission Order No. 4-2001, Labor Code §§201-203, 226.7, 510, 512, 1194, 1194.2, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to provide meal and rest breaks, Defendants' failure to pay compensation due in a timely manner upon termination, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

112.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

113.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.   For statutory penalties or damages pursuant to Labor Code §558 in the amount according to proof.

3.   For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $39,760.00;

4.   For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $8,250.00;

5.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

6.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

7.    For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

FIRST AMENDED COMPLAINT FOR DAMAGES

8.    For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

9.    For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

10.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

11.    For post-judgment interest; and

12.    For any other relief that is just and proper.

DATED:  December 2, 2024                    **SGGB LAW FIRM, LLP**


By:   /s/ Samvel Geshgian
Samvel Geshgian, Esq.
Gourgen Babayan, Esq.
Attorneys for Plaintiff
ROSALVA QUIRARTE


**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands trial of all issues by jury.

DATED:  December 2, 2024                    **SGGB LAW FIRM, LLP**


By:   /s/ Samvel Geshgian
Samvel Geshgian, Esq.
Gourgen Babayan, Esq.
Attorneys for Plaintiff
ROSALVA QUIRARTE

FIRST AMENDED COMPLAINT FOR DAMAGES